Linton A. Mollath and Elizabeth F. Mollath v. Commissioner.
Mollath v. Commissioner
Docket No. 5686-63.
United States Tax Court
T.C. Memo 1965-290; 1965 Tax Ct. Memo LEXIS 40; 24 T.C.M. (CCH) 1621; T.C.M. (RIA) 65290; November 2, 1965
*40 Held, that a distribution of $7,500 from a corporation to its sole shareholder is taxable as a dividend to the shareholder, where in the year of the distribution the corporation had current earnings and profits in excess of the amount of the distribution; and it is immaterial that the corporation had a deficit in accumulated earnings and profits at the beginning of the year, which was in excess of said current earnings and profits. Linton A. Mollath, pro se, 2660 Los Armos, Oakland, Calif. Sheldon M. Sisson, for the respondent. PIERCE Memorandum Opinion PIERCE, Judge: The respondent determined deficiencies in the income taxes of the petitioners for the following years and in the following amounts: Calendar year
Deficiency
1957
$1,618.80
1958
503.59
1960
259.71 The parties have now stipulated that there is no deficiency due from or overpayment due to the petitioners for either of the taxable years 1958 and 1960. Accordingly, the only deficiency now before us *42 is that for the calendar year 1957. The sole issue to be decided is whether a cash distribution of $7,500 made by a corporation during its calendar year 1957, to its only shareholder, petitioner Linton A. Mollath, constitutes a taxable dividend to him, where the corporation had earnings and profits for said year in excess of the amount so distributed, but where it had a deficit in its accumulated earnings and profits as of the beginning of said year, which was greater than the amount of its said current earnings and profits. All of the facts of the case have been stipulated, and they are so found. Those pertinent to the remaining issue here involved, may be summarized as follows. The petitioners, Linton A. and Elizabeth F. Mollath, are husband and wife residing in Oakland, California. They filed a joint Federal income tax return for each of the years 1957, 1958 and 1960, with the district director of internal revenue at San Francisco. The issue involved concerns only the husband, Linton A. Mollath, whom we shall hereafter refer to as the "petitioner." Printing Industrial Corp., America DBA: PICA (hereinafter referred to as "PICA") was incorporated in 1949 with an initial capital *43 of $20,000; and it has at all times been engaged in the printing business. During the year 1957, it had only one authorized class of stock; and its sole stockholder was the petitioner. PICA maintained its books of account and filed its Federal income tax returns on a calendar year basis. As of January 1, 1957, it had a deficit in accumulated earnings and profits of $8,090.64; but for said year, its earnings and profits were in the amount of $7,675.57. It made a cash distribution to petitioner in 1957 in the amount of $7,500. The petitioner, in the joint Federal income tax return filed by him and his wife for 1957, did not include the amount of said $7,500 distribution from PICA in his gross income. The amount of said distribution was in excess of 25 percent of the amount of gross income stated in the return that was filed on April 15, 1958. The respondent, in his notice of deficiency herein which was issued on September 27, 1963, determined that said distribution of $7,500 from PICA constituted a taxable dividend to petitioner; and that the determined deficiency in tax was not, under section 6501(e) of the 1954 Code, barred by the statute of limitations. The petitioner's position *44 appears to be that said distribution from PICA does not qualify as a taxable dividend, because the corporation had a deficit in accumulated earnings and profits as of the beginning of the year 1957, and that said deficit was in excess of the corporation's earnings and profits for said year. We do not agree with such position. Section 316(a) of the 1954 Code which is here controlling, provides in material part: (a) General Rule. - For purposes of this subtitle, the term "dividend" means any distribution of property made by a corporation to its shareholders - (1) out of its earnings and profits accumulated after February 28, 1913, or (2) out of its earnings and profits of the taxable year (computed as of the close of the taxable year without diminution by reason of any distributions made during the taxable year), without regard to the amount of the earnings and profits at the time the distribution was made. Except as otherwise provided in this subtitle [and not here material], every distribution is made out of earnings and profits to the extent thereof, and from the most recently accumulated earnings and profits. To the extent that any distribution is, under any provision *45 of this subchapter, treated as a distribution of property to which section 301 applies, such distribution shall be treated as a distribution of property for purposes of this subsection. [Emphasis supplied.] Also, the Income Tax Regulations provide in pertinent part: § 1.312-6(d). A loss sustained for a year before the taxable year does not affect the earnings and profits of the taxable year. * * * § 1.316-1(d) * * * Example (1). At the beginning of the calendar year 1955, Corporation M had an operating deficit of $200,000 and the earnings and profits for the year amounted to $100,000. Beginning on March 16, 1955, the corporation made quarterly distributions of $25,000 during the taxable year to its shareholders. Each distribution is a taxable dividend in full, irrespective of the actual or the pro rata amount of the earnings and profits on hand at any of the dates of distribution, since the total distributions made during the year ($100,000) did not exceed the total earnings and profits of the year ($100,000). To the same effect, see also: Bittker, Federal Income Taxation of Corporations and Shareholders, (1959 Ed.) § 5.03, pp. 139-141; , *46 affirmed (C.A. 7) . Based on all the foregoing, we decide the issue in favor of the respondent. Also we approve the respondent's determination that assessment of the deficiency for the year 1957 is not barred by the statute of limitations. The respondent has conceded on brief that, if the corporate distribution involved is held to be taxable as a dividend (as we have hereinabove held), petitioner will be entitled to a dividend received credit and exclusion under sections 34 and 116 of the 1954 Code. Accordingly, Decision will be entered under Rule 50.